Tyler R. Andrews (SBN CA 250686)
Tyler.andrews@gtlaw.com
**GREENBERG TRAURIG, LLP**
18565 Jamboree Road #500
Irvine, California 92612
Telephone:  949.732.6500
Facsimile:   949.732.6501

Alexandria Pritchett (SBN CA 340626)
alexandria.pritchett@gtlaw.com
**GREENBERG TRAURIG, LLP**
12830 El Camino Real, Suite 350
San Diego, California 92130
Telephone:  619.848.2500
Facsimile:   619.393.0877

*Attorneys for Defendant*
*Saxon Mortgage Services, Inc.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL JUSTIN KEENER, <br><br> Plaintiff, <br><br> v. <br><br> SAXON MORTGAGE SERVICES, INC.; SPECIALIZED LOAN SERVICING, LLC; and DOES 1 through 100, Inclusive, <br><br> Defendants. | Case No:  **'26 CV 3672 CAB VET** <br><br> (Removed from San Diego County Superior Court, Case No. 26CU016535N) <br><br> **DEFENDANT SAXON MORTGAGE SERVICES, INC.'S NOTICE OF REMOVAL** <br><br> *[Filed concurrently with Declaration of Tyler Andrews]* <br><br> Complaint Filed:   March 24, 2026 <br> Trial Date:         None Set |

1

DEFENDANT SAXON MORTGAGE SERVICES, INC.'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant SAXON MORTGAGE SERVICES, INC. ("**Defendant**" or "**Saxon**") by its counsel, GREENBERG TRAURIG, LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based upon diversity of citizenship, the claims filed by Plaintiff in the Superior Court of California, County of San Diego, Case No. 26CU016535N. In support of this removal, Defendant states as follows:

## I.    THE REMOVED CASE

1.    The removed case is a civil action initially commenced in the Superior Court of California, County of San Diego, by Plaintiff Karl Justin Keener ("**Plaintiff**"), against Defendants, entitled *Keener v. Saxon Mortgage Services, Inc., et al.*, Case No. 26CU016535N (the "**State Action**").

2.    Plaintiff filed the State Action on March 24, 2026, asserting eleven causes of action for (1)Violations of California Civil Code § 2924.13 et al, (2)Fraud & Deceit, (3) Unfair Business Practices, (4) Breach of Written Contract, (5) Promissory Estoppel, (6) Negligence (Per Se), (7) Slander, Disparagement & Impairment of Vendibility, (8) Violations of The Rosenthal Act/CCRAA, (9) Negligent Infliction of Emotional Distress, (10) Specific Performance, and (11) Declaratory Judgment and Quiet Title. *See* Complaint, attached as **Exhibit A**.

3.    Pursuant to 28 U.S.C. § 1332, a federal district court will have original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332.

## II.    PROCEDURAL REQUIREMENTS

4.    If service was proper, Defendant's last day to respond to the Complaint or move to strike is Monday, June 22, 2026, as the Complaint was filed on March 24, 2026, and Defendant was purportedly served on May 21, 2026. Therefore, Defendant's removal of Plaintiff's action is timely pursuant to 28. U.S.C. § 1446(b)(1).

DEFENDANT SAXON MORTGAGE SERVICES, INC.'S NOTICE OF REMOVAL

5.     A case may be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 no later than one year after commencement of the action. 28 U.S.C. § 1446(c)(1).

6.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Defendant's possession are contained in herein.

7.     Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Southern District of California because this district embraces the place in which the State Action has been transferred.

8.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Diego, promptly after filing of same in this Court.

9.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

10.    If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues, and to present oral argument for their position that this case is properly removable.

11.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of: (i) lack of jurisdiction over person; (ii) improper venue and/or *forum non conveniens*; (iii) insufficiency of process; (iv) insufficiency of service of process; (v) improper joinder of claims and/or parties; (vi) failure to state a claim; (vii) failure to join indispensable party(ies); or, (viii) any other procedural or substantive defenses available under state or federal law.

### III.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

12.    The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. *See* **Exhibit A** (Complaint), p. 16.

13.    In the Complaint, Plaintiff seeks a "Release of Lien" and "cancellation of Second (DOT, Lien, Note)," plus a "return of all money paid" to the defendants. *Id.* at ¶

146 and p. 45 (the Prayer). Plaintiff refers to this lien and debt as being in the amount of $97,385.58 as is listed in a 1099-C attached to the Complaint. *See id.* at ¶ 59 and Exh. 1 thereto. The Deed of Trust for the loan for which Plaintiff complains shows an initial indebtedness in the principal sum of $98,000.

14.    The Ninth Circuit allows the amount of the indebtedness on the property to be a measure of the amount in controversy for purposes of diversity jurisdiction. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 776 (9th Cir. 2017) ("When a plaintiff seeks to quiet title to a property or permanently enjoin foreclosure, the object of the litigation is the ownership of the property. Therefore, the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy."). As Plaintiff seeks relief of the subject loan, the amount in controversy may be determined by the value of the object of the litigation, *i.e.*, the loan amount, or the potential lost equity. *Id.*; *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004 (N.D. Cal., 2002).

15.    Plaintiff also seeks damages and relief including general, special and actual damages including compensatory damages; consequential and incidental damages and medical damages; restitution and treble losses and money or value lost; exemplary and punitive damages; equitable relief; statutory damages and fees and costs; actual damages, including loss rental income; loss of value and equity appreciation of property and costs, expert fees and attorneys' fees. *See* Exhibit 1 Complaint, ¶ 122 and p. 45 (the Prayer).

16.    Based upon the foregoing, the total amount in controversy exceeds $75,000 and removal is proper.

**IV.    COMPLETE DIVERSITY EXISTS**

17.    The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. 28 U.S.C § 1332(a)(1). Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a corporation is a "citizen" of the state where it is (1) incorporated and (2) the state where it has its principal place of business. 28 U.S.C § 1332(c)(1). An LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894,

899 (9th Cir. 2006). For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

18.    A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).  One's domicile is generally a combination of physical presence plus an intention to make a certain definite place one's permanent abode. *See, e.g., Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

19.    ***Plaintiff's Citizenship.*** Plaintiff states that he purchased his home as a personal residence with an address of 380 Lado De Loma Drive, Vista, CA 92083 and states that he remains current on his first mortgage on this property. *See* Compl. ¶ 1. Plaintiff's verification of quiet title" lists an address of 380 Lado De Loma Drive, Vista, CA 92083. *See id.* ¶ 147. Therefore, Plaintiff is deemed a citizen of the State of California for purposes of diversity of citizenship jurisdiction. Plaintiff also includes a mailing address on the first page of the Complaint of 1515 SE Mill St, Apt. 3, Roseburg, OR 97470. Even if Plaintiff is a citizen of Oregon, as noted below, no defendants are citizens of Oregon.

20.    ***Defendant Saxon's Citizenship.*** A " . . . corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(l) (emphasis added). Here, Defendant Saxon is, and was at the time of filing this State Court Action, incorporated under the laws of the State of Texas, with its principal place of business located in the State of Texas. Therefore, Defendant Saxon is deemed a citizen of the State of Texas for purposes of diversity of citizenship jurisdiction.

DEFENDANT SAXON MORTGAGE SERVICES, INC.'S NOTICE OF REMOVAL

21. ***Defendant SLS.*** Defendant Specialized Loan Servicing has not yet appeared in this case and has not been properly joined and served. NewRez, LLC d/b/a Shellpoint Mortgage Servicing, LLC ("Shellpoint") acquired Specialized Loan Servicing, LLC ("SLS") in or about October 2023. As a result of this acquisition, SLS no longer exists as a separate entity. Until the merged entity is properly named, it has not been properly served. As per 1446(b)(2)(A), consent for removal is not required from SLS as the merged entity has properly named and has not been properly joined and served.

22. In any event, when or if Shellpoint is served, it was at the time of the filing of the Complaint, a limited liability company organized under the laws of the State of Delaware. The citizenship of a partnership or other unincorporated entity—such as a limited liability company—is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Shellpoint's sole member is Shellpoint Partners LLC, a Delaware limited liability company ("Shellpoint Partners"). Shellpoint Partners' sole members are NRM Acquisitions LLC and NRM Acquisitions II LLC, which are both Delaware limited liability companies (together, "NRM Acquisitions"). NRM Acquisitions' sole member is New Residential Mortgage LLC ("New Residential Mortgage"), a Delaware limited liability company. The sole member of New Residential Mortgage is RithmCapital Corp. fka New Residential Investment Corporation, which is a corporation organized under the laws of the State of Delaware and has its principal place of business in New York, New York, so it is a citizen of both Delaware and New York. 28 U.S.C. § 1332(c). Therefore, Shellpoint is a citizen of Delaware and New York for purposes of diversity. 28 U.S.C. § 1332(c)-(d)(10). Specialized Loan Servicing LLC was a citizen of New York and Delaware for the purposes of diversity jurisdiction.

23. For the reasons stated above, there is complete diversity of citizenship between Plaintiff (California citizen) and Defendant Saxon Mortgage Service, Inc. (a

DEFENDANT SAXON MORTGAGE SERVICES, INC.'S NOTICE OF REMOVAL

citizen of Texas). Accordingly, diversity among the parties to this action existed at the time the action was commenced in state court and at the time of removal.

24.    The Complaint also names defendants Does 1 through 100. Pursuant to 28 U.S.C. § 1441(a), the citizenship of these defendants is disregarded for removal purposes.

25.    The State Action may thus be removed to this Court in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of California, (ii) the amount in controversy exceeds $75,000.00, exclusive of interests and costs, (iii) the action also involves diversity jurisdiction because the parties are citizens of different states.

## V.    **NOTICE TO PARTIES**

26.    In accordance with 28 U.S.C. § 1446(d), Defendant will serve a copy of this Notice of Removal to Plaintiff through their counsel of record. Defendant will also promptly file a Notice to State Court and Adverse Parties of Filing of Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, which will advise the state court of the removal.

## VI.    **CONCLUSION**

WHEREFORE, Defendant respectfully requests that this matter be removed from the Superior Court for the County of San Diego to the United States District Court for the Southern District of California. Should any question arise as the propriety of this removal, Defendant respectfully requests an opportunity to provide briefing and oral argument.

Dated:  June 22, 2026                    GREENBERG TRAURIG, LLP

By: */s/ Tyler R. Andrews*
Tyler R. Andrews
Alexandria Pritchett
Attorneys for Defendant
Saxon Mortgage Services, Inc.

DEFENDANT SAXON MORTGAGE SERVICES, INC.'S NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

/s/ *Tyler R. Andrews*
Tyler Andrews

DEFENDANT SAXON MORTGAGE SERVICES, INC.'S NOTICE OF REMOVAL